UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MARSHALL GRACE,
STEVEN T. LEBOW and KEVIN P.
PILATE, et al.,

        Plaintiffs,        Case No. 90 CV 71078 DT
                                      HON. ANNA DIGGS TAYLOR
v.                                              MAG. JUDGE VIRGINIA MORGAN

CITY OF DETROIT,

        Defendant.
_____/

## ORDER

Attorney and Arbitrator George Roumell was appointed by this court to serve as Special Master in this case. On April 4, 2008, Special Master Roumell filed his final report to this court entitled "Special Master's Report: Recommendation of Awards." (the " Special Master's Report") Of the four hundred ninety three (493) claimants, the Special Master determined that one hundred three (103) were entitled to damages as a result of the unconstitutional pre-employment residency requirement of the City of Detroit. Of those, twenty-two (22) were determined by the Special Master to be entitled to nominal damages only, the remaining eighty-one (81) required further damage calculation. Of those eighty-one, one Plaintiff class member, John Keck, filed objections which required a hearing before this court.

Now before this court are (1) Plaintiffs' motion to adopt in part and reject in part the Special Master's Report dated April 4, 2008 and (2) Plaintiff John Keck's Objections to the Special Master's Report. The City of Detroit has asked that the final Report be adopted in its entirety.

Plaintiff, on behalf of Mr. Keck, filed two primary objections to the Special Master's Report. First, Keck objected to the back pay calculation done by the Special Master. Second, he objected to the denial of emotional damages. After a careful review of the Special Master's Report, method of calculation, applicable law and all objections, this court must adopt the findings of the Special Master in their entirety.[1]

*(a) Back Pay Calculation*

The Special Master based Mr. Keck's damage award on a method which is widely utilized by courts, arbitrators, and the National Labor Relations Board. This method reduces the employer's liability by the actual amount of unemployment or earnings received by the employee during the relevant period. Further, in calculating overtime and shift premium, the Special Master applied the City of Detroit Police Department's method for calculating lost overtime and shift premium wages for employees discharged without pay, who, upon an arbitrator's decision, were reinstated with back pay. This method has been utilized since 1992 and is still widely used today. Mr. Keck had applied to the City of Detroit Police Department.

This court must first note that it agrees with the Special Master's finding that it is the court's general goal to make plaintiffs whole, not to award plaintiffs damages which will punish defendant or give plaintiffs a windfall. See *Green v. United States Steel, Corporation*, 640 F.Supp. 1521, 1525 (E.D. Pa. 1986). The method of calculation employed by the Special Master in the instant case will achieve such an objective. The method suggested by Keck, which included possible overtime earnings, would be overreaching and based upon pure speculation. The Detroit Police Department

---

[1] It should be noted that this court finds no evidence to support an adjustment of Plaintiff Keck's cutoff date to June 12, 1995. The court's cutoff date of October 1, 1993 will be applied to the damages calculation.

2

is a much larger department than River Rouge Police Department. The overtime Plaintiff received at River Rouge may very well not have been available in Detroit. To assume that such overtime would have been available is a decision this court is unwilling to make. The method of calculation offered by the Special Master gives a standard percentage rate for overtime. Further, Keck actually earned more while working at River Rouge Police Department than he would have working for Detroit.

This court adopts the methodology utilized by the Special Master in calculating Keck's economic damages. Accordingly, this court adopts the recommendation that Keck be granted economic damages in the amount of $1,455.76 plus interest, totaling $2,930.63.

*(b) Emotional Damages*

Keck argues that he is entitled to emotional damages in an amount in excess of $50,000. The methodology employed by the Special Master for calculating emotional damages, and applied to all Plaintiff class members, required a showing of an actual injury caused by a constitutional violation. See *Moore v. Kuka Welding Sys*, 171 F.3d 1073 (6th Cir. 1999). The Special Master looked to 3rd and 4th Circuit precedent to consider a number of factors these courts have utilized to establish the existence of an injury which entitled the plaintiffs to an award of emotional damages. While the use of these factors has not been directly adopted by this circuit, they are instructive in making such a determination. In fact, courts have consistently held that a plaintiff must prove an *actual injury* that was caused by a constitutional violation to recover compensatory damages for mental or emotional distress. See *Memphis Community School District v. Stachura*, 477 US 299, 308 (1986); *Moore v. Kuka Welding Sys., supra* (emphasis added).

This court agrees with the Special Master that Keck has failed to show an actual injury

entitling him to emotional damages. For all of the reasons stated by the Special Master in his Report, emotional damages should be denied. The Special Master's Report is adopted on this issue.

*Conclusion*

Therefore, this court having reviewed the record and the court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED that the Special Master's Report [D/E 195] dated April 4, 2008 is ADOPTED in its entirety;

IT IS FURTHER ORDERED that John Keck's objections [D/E 196] are DENIED AND DISMISSED.

**IT IS SO ORDERED.**

DATED: July 1, 2008          **s/Anna Diggs Taylor**
                             ANNA DIGGS TAYLOR
                             UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail (George T. Roumell, Jr.) disclosed on the Notice of Electronic Filing on July 1, 2008.

                             s/Johnetta M. Curry-Williams
                             Case Manager